UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID WAYNE ARISMAN,

    Plaintiff,

vs.

J. S. WOODFORD; N. GRANNIS; J. C. PERRY; K. WALKER; Correctional Officer MORGAN; Lieutenant A. MUNOZ,

    Defendants.

No. C 03-3741 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    This is a civil rights case filed pro se by a state prisoner. Due to an unfortunate oversight by staff the case has not received the review required by 28 U.S.C. § 1915A(a), which is performed below.

    Plaintiff has been granted leave to proceed in forma pauperis. Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Defendant Perry formerly was the property officer. Plaintiff alleges that Perry allowed him to mail-order ten books at a time, although he was permitted to have only three in his cell, and stored the extra books for him. Plaintiff then exchanged books in his cell for those in storage as he wished. Defendant Morgan, who followed Perry as property officer, allowed the same procedure, although he would only allow plaintiff to mail-order three books at a time. Defendant Walker continued the policy, again with the three-book limit, but then suddenly discontinued it and ordered plaintiff to mail out or donate the stored

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

books.  The stored books and an extra set of headphones were disposed of.

Defendant Perry is only alleged to have allowed plaintiff to store his books, something which is not a violation of the Constitution.  Morgan is allowed to have done likewise, but also to have limited plaintiff to ordering three books at a time, something which plaintiff contends violated a regulation.  As to neither of these defendants has plaintiff stated a federal claim.  The claims against them will be dismissed with leave to amend.

Defendant Walker is alleged to have destroyed plaintiff's stored property.  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  California law provides such an adequate post-deprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Thus, unless plaintiff can allege in good faith that Walker was acting according to a flawed "established state procedure," the availability of a post-termination tort action provides due process and he has no federal claim.  *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982).  The claim against Walker will be dismissed with leave to amend.

The other defendants, Grannis, Woodford and Munoz, denied plaintiff's administrative appeals.  Although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action.  *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his

3

grievance."). To the extent plaintiff's claims against these defendants are based on their responses to his administrative appeals, they are dismissed without leave to amend.

In his second cause of action plaintiff lists many things he contends he should be allowed to have in his cell, saying that his rights are violated by restrictions which prevent him from having them. He does not link any defendant to the restrictions. This claim will be dismissed with leave to amend to allege facts linking the defendants to the restrictions.

### C. Motion for Counsel

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel will be denied.

### CONCLUSION

1. Plaintiff's motion for "appointment" of counsel (document number 7 on the docket) is **DENIED**.

2. The claims against defendants Woodford, Grannis and Munoz for denying plaintiff's administrative appeals are **DISMISSED** with prejudice.

3. The claims against Perry, Morgan and Walker regarding stored property are **DISMISSED WITH LEAVE TO AMEND**, as are the claims regarding property plaintiff was not permitted to have in his cell. The amendment must be filed within thirty days of the

4

1  date this order is entered. The amended complaint must include the caption and civil case
2  number used in this order and the words AMENDED COMPLAINT on the first page.
3  Because an amended complaint completely replaces the original complaint, plaintiff must
4  include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258,
5  1262 (9th Cir. 1992). He may not incorporate material from the original complaint by
6  reference. Failure to amend within the designated time will result in the dismissal of these
7  claims.

8      4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
9  court informed of any change of address by filing a separate paper with the clerk headed
10 "Notice of Change of Address," and must comply with the court's orders in a timely fashion.
11 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
12 Federal Rule of Civil Procedure 41(b).

13 **IT IS SO ORDERED.**

14 Dated: August 14, 2007.

                    PHYLLIS J. HAMILTON
                    United States District Judge

24 G:\PRO-SE\PJH\CR.03\ARISMAN3741.dwlta.wpd